IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE GUINDON, et al.,

Plaintiffs,

vs.

LEGGETT & PLATT INCORPORATED and
L&P FINANCIAL SERVICES CO.

Defendants.

C.A. No. 07-cv-00366-L

**LEGGETT & PLATT, INCORPORATED AND L&P FINANCIAL SERVICES COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Leggett & Platt, Incorporated and L&P Financial Services Company (collectively "L&P" for purposes of this answer), for their answer to Plaintiffs' Complaint, state:

**JURISDICTION AND VENUE**

1. L&P admits Plaintiffs' Complaint asserts certain claims, but denies Plaintiffs are entitled to the relief requested in Plaintiffs' Complaint.

2. The allegations in paragraph 2 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and L&P therefore denies the same.

3. The allegations in paragraph 3 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and L&P therefore denies the same.

4. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of Plaintiffs' Complaint, and therefore denies the same.

11. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of Plaintiffs' Complaint, and therefore denies the same.

15. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of Plaintiffs' Complaint, and therefore denies the same.

16. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of Plaintiffs' Complaint, and therefore denies the same.

18. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

19. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of Plaintiffs' Complaint, and therefore denies the same.

20. L&P admits there was a fire at The Station nightclub on February 20, 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of Plaintiffs' Complaint, and therefore denies the same.

**DEFENDANTS**

21. L&P admits only that Leggett & Platt, Incorporated is a Missouri corporation and has done business as Crest-Foam Corp. L&P denies the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. L&P admits only that L&P Financial Services Co. is a Delaware corporation. L&P denies the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

**PROCEDURAL BACKGROUND**

23. L&P admits Plaintiffs previously filed actions, which named L&P as defendants, but further states service was never affected by Plaintiffs in such actions as to L&P. The remaining allegations in paragraph 23 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and L&P therefore denies the same.

24. L&P admits Plaintiffs' previously-filed actions were dismissed on or about September 19, 2007 as to L&P. The remaining allegations in paragraph 24 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and L&P therefore denies the same.

25. The allegations in paragraph 25 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and L&P therefore denies the same.

**COUNT I**
**LEGGETT & PLATT, INCORPORATED – NEGLIGENCE**

26. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 25 of Plaintiffs' Complaint.

27. L&P admits only that Leggett & Platt, Incorporated is a Missouri corporation and has done business as Crest-Foam Corp. L&P denies the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. L&P admits only that Leggett & Platt manufactured and sold bulk foam product to American Foam Corporation. L&P denies the remaining allegations in paragraph 28 of Plaintiffs' Complaint.

29. The allegations in paragraph 29 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and, therefore, L&P denies the same.

30. L&P denies the allegations in paragraph 30 of Plaintiffs' Complaint.

**COUNT II**
**LEGGETT & PLATT, INCORPORATED**
**STRICT LIABILITY**

31. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 25 of Plaintiffs' Complaint.

32. L&P denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33. L&P denies the allegations in paragraph 33 of Plaintiffs' Complaint.

34. L&P denies the allegations in paragraph 34 of Plaintiffs' Complaint.

35. L&P denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36. L&P denies the allegations in paragraph 36 of Plaintiffs' Complaint.

37. L&P denies the allegations in paragraph 37 of Plaintiffs' Complaint.

38. L&P denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39. L&P denies the allegations in paragraph 39 of Plaintiffs' Complaint.

40. L&P denies the allegations in paragraph 40 of Plaintiffs' Complaint.

41. L&P denies the allegations in paragraph 41 of Plaintiffs' Complaint.

42. L&P denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43. L&P denies the allegations in paragraph 43 of Plaintiffs' Complaint.

44. L&P denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45. L&P denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46. The allegations in paragraph 46 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and, therefore, L&P denies the same.

47. L&P denies the allegations in paragraph 47 of Plaintiffs' Complaint.

48. L&P denies the allegations in paragraph 48 of Plaintiffs' Complaint.

49. L&P denies the allegations in paragraph 49 of Plaintiffs' Complaint.

50. L&P denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51. L&P denies the allegations in paragraph 51 of Plaintiffs' Complaint.

## COUNT III
## LEGGETT & PLATT, INCORPORATED – BREACH OF WARRANTY

52. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 46 of Plaintiffs' Complaint.

53. L&P denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54. L&P denies the allegations in paragraph 54 of Plaintiffs' Complaint.

**COUNT IV**
**L&P FINANCIAL SERVICES CO. – NEGLIGENCE**

55. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 54 of Plaintiffs' Complaint.

56. L&P admits only that L&P Financial Services Co. is a Delaware corporation. L&P denies the remaining allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. The allegations in paragraph 57 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and, therefore, L&P denies the same.

58. L&P denies the allegations in paragraph 58 of Plaintiffs' Complaint.

**COUNT V**
**L&P FINANCIAL SERVICES CO. - STRICT LIABILITY**

59. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 58 of Plaintiffs' Complaint.

60. L&P denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61. L&P denies the allegations in paragraph 61 of Plaintiffs' Complaint.

62. L&P denies the allegations in paragraph 62 of Plaintiffs' Complaint.

63. L&P denies the allegations in paragraph 63 of Plaintiffs' Complaint.

64. L&P denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65. L&P denies the allegations in paragraph 65 of Plaintiffs' Complaint.

66. L&P denies the allegations in paragraph 66 of Plaintiffs' Complaint.

67. L&P denies the allegations in paragraph 67 of Plaintiffs' Complaint.

68. L&P denies the allegations in paragraph 68 of Plaintiffs' Complaint.

69. L&P denies the allegations in paragraph 69 of Plaintiffs' Complaint.

70. L&P denies the allegations in paragraph 70 of Plaintiffs' Complaint.

71. L&P denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72. L&P denies the allegations in paragraph 72 of Plaintiffs' Complaint.

73. L&P denies the allegations in paragraph 73 of Plaintiffs' Complaint.

74. The allegations in paragraph 74 of Plaintiffs' Complaint improperly require L&P to admit or deny a legal conclusion and, therefore, L&P denies the same.

75. L&P denies the allegations in paragraph 75 of Plaintiffs' Complaint.

76. L&P denies the allegations in paragraph 76 of Plaintiffs' Complaint.

77. L&P denies the allegations in paragraph 77 of Plaintiffs' Complaint.

78. L&P denies the allegations in paragraph 78 of Plaintiffs' Complaint.

79. L&P denies the allegations in paragraph 79 of Plaintiffs' Complaint.

## COUNT VI
## L&P FINANCIAL SERVICES CO. – BREACH OF WARRANTY

80. L&P incorporates by reference, as if set forth herein, its answers to the allegations contained in paragraphs 1 through 79 of Plaintiffs' Complaint.

81. L&P denies the allegations in paragraph 81 of Plaintiffs' Complaint.

82. L&P denies the allegations in paragraph 82 of Plaintiffs' Complaint.

Further answering, L&P denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" portion of Plaintiffs' Complaint.

## GENERAL DENIAL

L&P denies each and every allegation and legal conclusion set forth in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

L&P, for its affirmative and other defenses, states the following.

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against L&P and therefore Plaintiffs' Complaint should be dismissed.

2. Plaintiffs' claims are barred by the applicable statute of limitation.

3. R.I.G.L. 9-1-22 does not apply to Plaintiffs' claims.

4. Plaintiffs' claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

5. Plaintiffs' claims are preempted.

6. Some or all Plaintiffs lack standing.

7. Plaintiffs' Complaint fails to join all necessary, proper, and indispensable parties.

8. To the extent any of the products described in Plaintiffs' Complaint are proven to be derived from bulk polyurethane foam manufactured by L&P, any recovery by Plaintiffs against L&P is barred or should be diminished to the extent the products described in Plaintiffs' Complaint were unforeseeably misused, abused, abnormally used, altered, changed, modified, and/or improperly maintained by persons or entities not under the supervision or control of L&P.

9. To the extent any of the products described in Plaintiffs' Complaint are proven to have been derived from bulk polyurethane foam manufactured by L&P, such products were not in the same condition at the time of the events, injuries, and damages alleged as when

they left the custody and possession of L&P and, therefore, any recovery by Plaintiffs against L&P is barred.

10. Plaintiffs' claims are barred by R.I.G.L. 9-1-32.

11. To the extent any of the products described in Plaintiffs' Complaint are proven to have been derived from bulk polyurethane foam manufactured by L&P, all acts of L&P at the time of manufacture, sale, or distribution of such products were in conformity with the state-of-the-art at such times and consistent with all applicable standards and codes and, therefore, any recovery by Plaintiffs against L&P is barred.

12. To the extent any of the products described in Plaintiffs' Complaint are proven to have been derived from bulk polyurethane foam manufactured by L&P, L&P is a bulk seller within the meaning of Section 5, Restatement (Third) or Torts and, therefore, any recovery by Plaintiffs against L&P is barred.

13. To the extent any of the products described in Plaintiffs' Complaint are proven to have been derived from bulk polyurethane foam manufactured by L&P, any recovery by Plaintiffs against L&P is barred by the learned intermediary and/or sophisticated user doctrine.

14. The injuries or damages allegedly sustained as a result of the allegations contained in Plaintiffs' Complaint were the direct and proximate result of the acts of persons or entities not under the supervision or control of L&P and, therefore, any recovery by Plaintiffs against L&P is barred.

15. To the extent that the foam product referred to in Plaintiffs' Complaint had become an intricate part of the building referred to in Plaintiffs' Complaint or had become what is known as a common law fixture, then Plaintiffs may have no recovery in strict liability or warranty.

16. To the extent that the foam product referred to in Plaintiffs' Complaint had become an intricate part of the building referred to in Plaintiffs' Complaint or had become a common law fixture in the building referred to in Plaintiffs' Complaint, and if said foam product had resided in said building as a fixture or as an intricate part of said building, for more than ten years, then Plaintiffs' action is time barred pursuant to the applicable Statute of Repose.

17. The negligence, fault, or carelessness of parties or non-parties not under the supervision or control of L&P was the sole, intervening, or superseding cause of Plaintiffs' alleged injuries and damages and, therefore, any recovery by Plaintiffs against L&P is barred.

18. The negligence, fault, or carelessness of parties or non-parties not under the supervision or control of L&P caused or contributed to cause the injuries and damages allegedly sustained as a result of the allegations contained in Plaintiffs' Complaint and, therefore, any recovery by Plaintiffs against L&P is barred or should be diminished.

19. The comparative fault of Plaintiffs was the intervening, superseding, sole, direct, and proximate cause of, or contributed to cause, Plaintiffs' alleged injuries and damages and, therefore, any recovery by Plaintiffs against L&P is barred or should be diminished.

20. To the extent Plaintiffs' assumption of the risk caused or contributed to cause the injuries and damages allegedly sustained as a result of the allegations contained in Plaintiffs' Complaint, any recovery by Plaintiffs against L&P is barred or should be diminished.

21. Plaintiffs' claims may be barred, in whole or in part, due to spoliation of evidence.

22. L&P provided no express or implied warranties to Plaintiffs and, therefore, Plaintiffs' claims for breach of warranty are barred.

23. There is no privity of contract between Plaintiffs and L&P and, therefore, Plaintiffs' claims for breach of warranty are barred.

24. Plaintiffs' claims for breach of warranty are barred, in whole or in part, by Plaintiffs' failure to timely notify L&P of any alleged breach of warranty.

25. To the extent Plaintiffs have failed to mitigate their damages, any recovery by Plaintiffs should not include any loss which Plaintiffs could have prevented through reasonable care and diligence.

26. Plaintiffs' cause of action may be barred, in whole or in part, because certain of the dangers alleged by Plaintiffs, if they existed at all, were open and obvious.

27. To the extent Plaintiffs have settled with or released any person or entity from any claims arising from the events described in Plaintiffs' Complaint, L&P is entitled to an offset for all sums received by Plaintiffs.

28. L&P should be liable, if at all, only for the portion of the damages sustained by Plaintiffs as is determined by the jury to be the result of the allocable percentage of

fault or negligence on the part of L&P and, further, L&P cannot be held jointly and severally liable to Plaintiffs for the negligence or fault of another because the doctrine of common law joint and several liability is mutually inconsistent with the doctrine of comparative negligence; is against the public policy of the State of Rhode Island; and violates L&P's constitutional rights under Article I, § 8 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Rhode Island Constitution, in one or more of the following respects:

a. the application of joint and several liability supplies no notice to L&P of the potential repercussions of its alleged conduct, and fails to limit the damages to L&P's respective culpability, thereby denying due process;

b. the application of joint and several liability amounts to the imposition of an unfair, unjust, and excessive fine and/or cruel and unusual punishment;

c. the application of joint and several liability discriminates against L&P in that its corporate status, wealth, or net worth, with respect to other defendants, is determinative of the amounts of any such damage awards and different amounts may be awarded against different defendants regardless of their respective culpability depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

d. the application of joint and several liability constitutes an impermissible burden on interstate commerce; and

e the application of joint and several liability constitutes an impermissible taking of private property for private use.

29. To the extent Plaintiffs seek to recover punitive damages, Plaintiffs' Complaint fails to allege a claim for which punitive damages and/or damages for aggravating circumstances can be recovered.

30. To the extent Plaintiffs seek to recover punitive damages, Plaintiffs' Complaint fails to allege facts which meet the clear and convincing standard of proof required for recovery of punitive damages and/or damages for aggravating circumstances under Rhode Island law.

31. To the extent Plaintiffs seek to recover punitive damages, for Plaintiffs whose claims are governed by R.I.G.L. 9-1-6, any claim for punitive damages is barred by R.I.G.L. 9-1-8.

32. To the extent Plaintiffs seek to recover punitive damages, the assessment of exemplary or punitive damages, if any, violates L&P's constitutional rights under Article I, § 8 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Rhode Island Constitution, in one or more of the following respects:

a. the guidelines, standards, and/or instructions for assessing exemplary or punitive damages are vague, indefinite, and

uncertain, supply no notice to L&P of the potential repercussions of its alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, do not allow adequate judicial review, and are subject to the unbridled discretion of the jury, thereby denying due process;

b. the assessment of exemplary or punitive damages is criminal or penal in nature, and therefore the rights given defendants in criminal proceedings are applicable;

c. the assessment of exemplary or punitive damages amounts to the imposition of an unfair, unjust, and excessive fine and/or cruel and unusual punishment;

d. the assessment of exemplary or punitive damages exposes L&P to multiple punishments and fines for the same alleged act;

e. the assessment of punitive damages constitutes double jeopardy;

f. the assessment of exemplary or punitive damages discriminates against L&P in that its corporate status, wealth, or net worth may be considered by the jury in determining the amounts of any such damage awards and different amounts may be awarded against different defendants for the same act depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

g. the assessment of exemplary or punitive damages does not provide an adequate procedure for the determination of such damages in violation of equal protection and substantive and procedural due process requirements of both the Rhode Island Constitution and the United States Constitution and in violation of the United States Supreme Court's decision in Pacific Mutual Ins. Co. v. Haslip;

h. the assessment of exemplary or punitive damages constitutes an impermissible burden on interstate commerce;

i. the assessment of exemplary or punitive damages constitutes an impermissible taking of private property for private use; and

j. the assessment of exemplary or punitive damages as an attempt to impose economic sanctions in states other than the forum in an attempt to regulate L&P's extraterritorial conduct, whether lawful or unlawful, in violation of:

   (1) substantive and procedural due process requirements of both the Rhode Island Constitution and the United States Constitution;

   (2) principles of federalism arising out of the states' limited powers under the dormant or negative aspects of the Commerce Clause; and

   (3) principles articulated in the United States Supreme Court decision in Gore v. BMW.

33. L&P reserves the right to assert any and all other affirmative defenses not now known and which may hereafter develop through the course of discovery in this matter and to adopt and assert any defenses raised or asserted by any other defendant to this action to the extent that such affirmative defenses are not inconsistent with those pled by L&P.

WHEREFORE, defendants L&P, having fully answered Plaintiffs' Complaint, respectfully pray that Plaintiffs' Complaint be dismissed with prejudice against L&P, for its costs incurred herein, and for such other relief as this Court deems just and proper.

DEFENDANTS
LEGGETT & PLATT INCORPORATED and
L&P FINANCIAL SERVICES CO.
By their attorneys,

*/s/ Thomas W. Lyons*
Thomas W. Lyons, Esquire #2946
STRAUSS, FACTOR, LAING & LYONS
222 Richmond Street, Suite 208
Providence, RI 02903-2914
401-456-0700
tlyons@straussfactor.com

*/s/ George E. Wolf, III*
George E. Wolf, III, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel.: 816-474-6550
Fax: 816-421-5774

**CERTIFICATION**

I certify that on the 19th day of November, 2007, I caused a copy of the foregoing pleading to be served on counsel of record as follows:

Via Electronic Mail through Electronic Case Filing to the following:

| | |
|---|---|
| 1. Allen J McCarthy, Esq. | stationlitigation@melicklaw.com |
| 2. Amy Minchillo, Esq. | aminchillo@itwlaw.com |
| 3. Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| 4. Ann Songer, Esq. | stationfire@shb.com |
| 5. Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| 6. Anthony R. Leone, Esq. | leonelaw@cox.net |
| 7. B. Jon Enciso | jenciso@legalmgt.com |
| 8. Bennett R. Gallo, Esq. | brg@ndgrb.com |
| 9. Benjamin V. White III, Esq. | bwhite@vetterandwhite.com |
| 10. Brian Cunha, Esq. | brian@Briancunha.com |
| 11. Bruce P. Keller, Esq. | bkeller@debevoise.com |
| 12. Bruce G. Tucker, Esq. | btucker@legalmgt.com |
| 13. C. Russell Bengtson, Esq. | rbengtson@ckmlaw.com |
| 14. Carl A Henlein, Esq. | chenlein@fbtlaw.com |
| 15. Charles Babcock, Esq. | cbabcock@jw.com |
| 16. Charles N. Redihan, Jr., Esq. | credihan@kprlaw.com |
| 17. Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| 18. Christopher AD. Hunt, Esq. | chunt@cetcap.com |
| 19. Craig A. Johns, Esq. | johnsc@nationwide.com |
| 20. Curtis R. Diedrich, Esq. | cdiedrich@sloanewalsh.com |
| 21. Daniel Horgan, Esq. | horganlaw@snet.net |
| 22. Daniel P. McKiernan, Esq. | danielpmckiernan@yahoo.com |
| 23. David E. Maglio, Esq. | dmaglio@magliolaw.com |
| 24. David T. Mitrou, Esq. | dmitrou@mccormackfirm.com |
| 25. David A. Wollin, Esq. | dwollin@apslaw.com |
| 26. Deborah Solmor, Esq. | dsolmor@skadden.com |
| 27. Dennis J. Roberts, II, Esq. | droberts@djrlaw.com |
| 28. Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| 29. Earl H. Walker, Esq. | ewalker@jw.com |
| 30. Edward M. Crane, Esq. | ecrane@skadden.com |
| 31. Edward T. Hinchey, Esq. | ehinchey@sloanewalsh.com |
| 32. Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| 33. Eric Bradford Hermanson, Esq. | ehermanson@choate.com |
| 34. Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| 35. Fred A. Kelly, Jr., Esq. | stationfirelitigation@nixonpeabody.com |
| 36. George Sullivan | georgia.sullivan@thehartford.com |
| 37. Henry M. Swan, Esq. | hms@dksblaw.com |
| 38. Howard A. Merten, Esq. | hmerten.station@psh.com |

| | |
|---|---|
| 39. Howard Julian | sohohomes@yahoo.com |
| 40. Ian Ridlon, Esq. | Stationfire;litigation@nixonpeabody.com |
| 41. J. Renn Olefin, Esq. (Kate Harden) | kbh@olenn-penza.com |
| 42. James A. Bigos, Esq. | jim@b-plaw.com |
| 43. James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| 44. James H. Reilly, III, Esq. | jreilly@kkrs.com |
| 45. James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| 46. James R. Lee, Esq. | jlee@riag.ri.gov |
| 47. James T. Murphy, Esq. | stationfire@hansoncurran.com |
| 48. Jessica Deanseris, Esq. | jad@wistbar.com |
| 49. Jessica Deanseris, Esq. | Jdean@wistbar.com |
| 50. John H. Brooke, Esq. | jbrooke@brookemawhorr.com |
| 51. John J. Cloherty III, Esq. | jcloherty@piercedavis.com |
| 52. John J. Flanagan, Esq. | jflanagan@torti.com |
| 53. John J. Nazzaro, Esq. | attynazzaro@aol.com |
| 54. John P. Barylick, Esq. | jpb@wistbar.com |
| 55. John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| 56. John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| 57. Joseph B. Burns, Esq. | jburns@rms-law.com |
| 58. Joseph H. Aronson, Esq. | jaronson@mccormackfirm.com |
| 59. Joseph J. Bellew, Esq. | jbellew@cozen.com |
| 60. Joseph Krowski, Esq. | josephkrowski.law@verizon.net |
| 61. Joseph V. Cavanagh, Jr., Esq. | stationfire@blishcavlaw.com |
| 62. Karen A. Alegria, Esq. | Karen@Briancunha.com |
| 63. Kate Harden, Esq. for Renn Olenn | khb@olenn-penza.com |
| 64. Kathleen C. Henry, Esq. | khenry@choate.com |
| 65. Kelly N. Michels, Esq. | stationfire@hansoncurren.com |
| 66. Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| 67. Kim M. Clarke, Esq. | kclarke@nixonpeabody.com |
| 68. Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| 69. Lauren D. Wilkins, Esq. | lwilkins@smithbrink.com |
| 70. Lawrence J. Cappuccio, Esq. | l.cappuccio@worldnet.att.net |
| 71. Lawrence G. Cetrulo, Esq. | lcetrulo@cetcap.com |
| 72. Linda Magro, Esq. | jruggieri@hcc-law.com |
| 73. Marc DeSisto, Esq. | stationfire@desistolaw.com |
| 74. Mark D. Cahill, Esq. | mcahill@choate.com |
| 75. Mark D. Tourgee, Esq. | aminchillo@itwlaw.com |
| 76. Mark Hadden, Esq. | mhadden@mhaddenlaw.com |
| 77. Mark P. Dolan, Esq. | ricedolank@aol.com |
| 78. Mark S. Mandell, Esq. | msb@msb-atty.com |
| 79. Mark Parsky, Esq. | mep@mcveyparsky-law.com |
| 80. Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| 81. Mark T. Reynolds, Esq. | mtreynolds@conversent.net |
| 82. Mark Ter Molen, Esq. | khenry@choate.com |
| 83. Matthew F. Medeiros, Esq. | mfm@lmkbw.com |

| | |
|---|---|
| 84. Meghan Sullivan, Esq. | meghan.sullivan@lw.com |
| 85. Max Wistow, Esq. | mw@wistbar.com |
| 86. Michael A. St Pierre, Esq. | mikesp@rrsplaw.com |
| 87. Michael G. Sarli, Esq. | mgs@gsm-law.com |
| 88. Michael J. Mazurczak, Esq. | stationlitigation@melicklaw.com |
| 89. Michael J. McCormack, Esq.. | mmccormack@mccormackfirm.com |
| 90. Michael Potenza, Esq. | mpotenza@debevoise.com |
| 91. Michael R. DeLuca, Esq. | mrd@gsm-law.com |
| 92. Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| 93. Patrick T. Jones, Esq. | pjones@cmjlaw.com |
| 94. Peter L. Resnik, Esq. | presnick@mwe.com |
| 95. Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| 96. Peter Schneider, Esq. | pschneider@cmjlaw.com |
| 97. Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| 98. Randall L. Souza, Esq. | rsouza@shslawfirm.com |
| 99. Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| 100. Robert I. Reardon, Esq. | reardonlaw@aol.com |
| 101. Robert T. Norton, Esq. | rnorton@sloanewalsh.com |
| 102. Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| 103. Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| 104. Ronald Langlois, Esq. | rlanglois@smithbrink.com |
| 105. Russell Bramley, Esq. | bramley@hbhlaw.net |
| 106. Scott J. Tucker, Esq. | stucker@ths-law.com |
| 107. Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| 108. Stephan E. Breggia, Esq. | sbreggia@bbglaw.us |
| 109. Stephen Izzi, Esq. | sizzi@mosesafonso.com |
| 110. Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| 111. Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |
| 112. Stephen P. Fogerty, Esq. | fogarty@halloran-sage.com |
| 113. Stephen T. Armato, Esq. | sarmato@cetcap.com |
| 114. Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| 115. Steven M. Richard, Esq. | stationfirelitigation@nixonpeabody.com |
| 116. Steven W. Kasten, Esq. | skasten@mwe.com |
| 117. Stewart F. Grossman, Esq. | sgrossman@lgllp.com |
| 118. Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| 119. Suzanne O'Donoghue, Esq. | sodonoghue@hcc-law.com |
| 120. T. Dos Urbanski, Esq. | stationlitigation@melicklaw.com |
| 121. Thomas C. Angelone, Esq. | angelonelaw@aol.com |
| 122. Thomas R. Bender, Esq. | stationfire@hansoncurran.com |
| 123. Timothy A. Williamson, Esq. | aminchillo@itwlaw.com |
| 124. Timothy Hardwicke | Timothy.Hardwicke@lw.com |
| 125. Tracy L. Poppe, Esq. | reardonlaw@aol.com |
| 126. W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| 127. William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| 128. William E. O'Gara, Esq. | wogara@pld-law.com |

129. William F. Burke, Esq. wburke@apslaw.com
130. George Wolfe, Esq. stationfire@shb.com
131. Rajaram Suryanarayan, Esq. rsury@gunninglafazia.com
132. William M. Heffernan, Esq. heffernanlaw@aol.com
133. John J. Flanagan, Esq. jflanagan@torti.com
134. Ted Tedford, Eq. ftedford@tedfordhenry.com

Via First Class US Mail, postage prepaid to the following:

Howard J. Julian
7 Columbia Lane
Jamestown, RI 02835-1813

Allen J. McCarthy
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02110-1775

*/s/ Thomas W. Lyons*